THIS ORDER IS APPROVED.

Dated: September 24, 2009



*James M. Marlar*
JAMES M. MARLAR
Chief Bankruptcy Judge

CLARK LAW OFFICES
3700 N. 24th Street, Ste. 120
Phoenix, Arizona 85016
Telephone: 602.956.3328
Fax: 602.956.1167

Mari Jo Clark
State Bar No. 022842

Attorneys for Plaintiff

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| In Re: | In Proceedings Under Chapter 13 |
|---|---|
| Marcus and Mikel Bates | Case No. 4:09-bk-05669 |
| | STIPULATED ORDER CONFIRMING |
| Debtor(s). | CHAPTER 13 PLAN AND |
| | APPROVAL OF ATTORNEY FEES |

The Plan and Moratorium having been properly noticed out to creditors and no objections having been filed;

   IT IS ORDERED Confirming the Plan of Debtor as follows:

1. **INCOME SUBMITTED TO THE PLAN.** Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan

   a. <u>Future Earnings or Income.</u> Debtor shall make the following monthly Plan Payments:

   | <u>Months</u> | <u>Payments</u> |
   |---|---|
   | 1 through 60 | $2,590.00 |

   The payments are due on or before the 24th day of each month, commencing April 24, 2009.

Debtor is instructed to remit all payments on or before the state due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. **Any funding shortfall must be cured before the plan can be discharged. This requirement is effective regardless of Plan payments, suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders.**

The Debtor shall provide, directly to the Trustee copies of **federal** and **state** income tax returns for every year during the duration of the Plan, within 30 days of filing. The purpose is to assist the Trustee in determining any change in the Debtor's annual disposable income. The debtor certifies that all required tax filings and any domestic support orders are current.

    b.    Other Property. In the event that other property is submitted, it shall be treated as supplemental payments. In no event shall the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

2. **DURATION OF THE PLAN.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph 1(a) above. If at any time before the end of this period all allowed claims are paid in full, then the Plan will terminate.

3. **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid in the order listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor.

    a.    Administrative expenses. The Trustee shall receive such percentage fee of Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C §586(e), but not to exceed 10%.

Attorney Fees. Debtor's counsel will be paid an administrative expense of $1,750.00 from the Trustee prior to any other claims being paid.

b. Claims Secured by Real Property.
Creditor secured by 1ST lien on Debtor's residence, Countrywide, shall be paid the pre-petition arrearage of $0.00 with no interest. Regular post-petition payments will be made through the chapter 13 Plan payments with monthly payments at $806.61.

Creditor secured by 2nd lien on Debtor's residence, Countrywide, shall be paid the pre-petition arrearage of $0.00 with no interest. Regular post-petition payments will be made through the chapter 13 Plan payments with monthly payments at $292.04.

c. Claims Secured by Personal Property. None.

d. Adequate Protection. The following creditors(s) shall be paid as and for interim adequate protection in the amount stated per month from month one of the Plan and continuing until it begins to receive its regular payments under the Plan to protect its interest in the asset stated: None.

e. Priority Claims. None.

f. Property to be Surrendered. All stays against enforcement by creditors of its interest in the collateral shall be vacated. Any allowable claim for a deficiency shall be treated as an unsecured claim.

g. Unsecured Claims. All other claims shall be classified as unsecured. Unsecured claims shall be paid the balance of payments under the Plan, pro rata. Any amounts remaining unpaid shall be discharged.

4. **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this order. Property of the estate shall be the date of this Order. Property of the estate vests in Debtor herewith.

DATED this_____ day of _____, 200__.

_____
**Honorable James M. Marlar**
**United States Bankruptcy Judge**

APPROVED AS TO FORM AND CONTENT:

_____ 9/20/09
Dianne Kerns, Trustee